**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 94-5791

LUIS RAMON BOBADILLA, a/k/a J. D.
Moreno,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Falcon B. Hawkins, Chief District Judge.
(CR-94-121)

Submitted: February 7, 1996

Decided: February 29, 1996

Before MURNAGHAN and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Parks N. Small, Federal Public Defender, Columbia, South Carolina,
for Appellant. J. Preston Strom, Jr., United States Attorney, A. Peter
Shahid, Jr., Assistant United States Attorney, Charleston, South Caro-
lina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Luis Ramon Bobadilla pled guilty to a single-count information, which charged him with conspiracy to possess with the intent to distribute cocaine and heroin, in violation of 21 U.S.C. § 846 (1988). The district court sentenced Bobadilla to serve sixty-three months imprisonment to be followed by five years supervised release and deportation. He appeals his conviction and sentence. Bobadilla's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising two issues but indicating that, in his view, there are no meritorious issues for appeal. Bobadilla was informed of his right to file a pro se supplemental brief; he has failed to file anything on his behalf.

Bobadilla's counsel raises the questions of whether the district court complied with requirements outlined in Rule 11 of the Federal Rules of Criminal Procedure when taking Bobadilla's plea and whether the district court sentenced him in accordance with the Sentencing Guidelines. Finding no reversible error, we affirm Bobadilla's conviction and sentence.

Following a de novo review of the entire record, we conclude that the district court complied with all the mandates of Rule 11 in accepting Bobadilla's guilty plea. Further, during sentencing, the district court accepted the Government's motion for a downward departure due to Bobadilla's substantial pre-sentencing assistance and sentenced him just above the statutory minimum. While a defendant may appeal an upward departure under 18 U.S.C. § 3742(a)(3)(A) (1988), the statute does not authorize a defendant to challenge the extent of a departure in his favor. See United States v. Hill, 70 F.3d 321, 323 (4th Cir. 1995) (dissatisfaction with extent of downward departure does not provide a basis for appeal). Further, when a district court departs downward, an appellate court lacks the jurisdiction to review the dis-

2

trict court's refusal to make further departure on other grounds. United States v. Patterson, 38 F.3d 139, 146 (4th Cir. 1994), cert. denied, 63 U.S.L.W. 3817 (U.S. 1995).

In accordance with the requirements of Anders , we have examined the entire record in this case and find no other meritorious issues for appeal. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED